```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```
MICHAEL DALE DICKERSON,

    Plaintiff,

v.                        CASE NO. 8:09-CV-963-T-17TGW

LYNDA NAHRA, etc.,
et al.,

    Defendants.

_____/


                        ORDER

This cause is before the Court on:

    Dkt. 8     Motion to Dismiss
    Dkt. 15    Response

The Complaint in this case includes Plaintiff's claims against Defendant Community West Bank and Defendant Manny F. Roman. Plaintiff Dickerson seeks an injunction, a declaratory judgment, compensatory damages and punitive damages as to Defendant Community West Bank in connection with a loan that Plaintiff Dickerson obtained as the 100% owner of Partsmax of Tampa Bay, Inc., a Florida corporation. Plaintiff's Complaint is based on the conduct of Defendant Community West Bank before, during and after the loan was approved.

    In the Complaint, Plaintiff Dickerson alleges that Defendant Community West Bank participated in the Preferred Lender Program in connection with the 7(a) loan obtained by Partsmax of Tampa Bay, Inc. obtained. Plaintiff Dickerson personally guaranteed the loan. The loan was approved on April 21, 2006.

Case No. 8:09-CV-963-T-17TGW

The Court takes judicial notice of the provisions of the Preferred Lender Program, found at www.SBA.gov. The Preferred Lender Program was designed to streamline the loan process. The SBA delegates to the Lender the complete authority to make and close loans with a guarantee from the Small Business Administration without obtaining prior specific approval of the Administration, and the complete authority to service and liquidate such loans without obtaining the prior specific approval of the Administration for routine servicing and liquidation activities. See 15 U.S.C. Sec. 636(a)(2)(c)(ii).

As a Preferred Lender, Defendant Community West Bank was required to execute Form 750, a Loan Guaranty Agreement (Deferred Participation) with the Small Business Administration, and Form 1347, a Supplemental Guaranty Agreement. The standard form "Supplemental Guaranty Agreement" states, among other provisions:

> The provisions of SBA's Standard Operating Procedure (SOP) 50-61-1 and The Information Book of the Preferred Lender Program are an integral part of this contract. Lender should understand the "Information Book" prior to signing this document.

Defendant Community West Bank moves to dismiss this case for lack of subject matter jurisdiction, and for failure to state a claim.

I.  Standard of Review

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, can be a facial attack or a factual attack. In a facial attack, the

2

factual allegations of the Complaint are taken as true.  In a factual attack, the Court may consider matters outside the Complaint, and is free to weigh evidence and satisfy itself as to the existence of its power to hear the case.  In a factual attack, the allegations of the Complaint are not presumptively true.  Where the attack on jurisdiction implicates the merits of the plaintiff's federal cause of action, the Court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case, proceeding under Rule 12(b)(6) or Rule 56.  The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial.  See Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 454 U.S. 897 (1981).

As the Supreme Court held in Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The allegations in plaintiff's complaint are presumed true at this stage and all reasonable factual inferences must be construed in plaintiff's favor.  However, the Court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must the Court accept legal conclusions cast in the form of factual allegations.  To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at

Case No. 8:09-CV-963-T-17TBM

1965.

II. Discussion

A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant's Motion to Dismiss is a facial attack on subject matter jurisdiction.

1. Diversity Jurisdiction

Plaintiff Dickerson has brought his claim against Defendant Community West Bank on the basis of diversity jurisdiction. (Dkt. 1, Par. 7).

Plaintiff Dickerson is a resident of Florida, and Defendant Manny F. Roman is a resident of Florida. (Dkt. 1, Pars. 1, 3). This case cannot proceed on the basis of diversity jurisdiction, since Plaintiff and Defendant Roman are not diverse.

2. Federal Question Jurisdiction

Plaintiff Dickerson also asserts federal question jurisdiction as the basis for Plaintiff's claims against Defendant Community West Bank (Dkt. 1, Par. 6).

a. Injunction - 28 U.S.C. Sec. 1651

Plaintiff Dickerson seeks injunctive relief as follows:

Case No. 8:09-CV-963-T-17TBM

    a. Defendant CWB's failure to materially comply to properly follow 15 U.S.C. Sec. 636(a), SBA policy directives and UCC guidelines enjoins them, their agents, servants, employees, successors, and assigns, and all others in concert and privity with them, from attempting to recover any Guarantor obligations assigned to Michael Dale Dickerson associated with PLP Loan #200-862-6000 (CWB Loan 450749).

    b. Defendant CWB is enjoined from pursuing any action to take control of assets referred to as Stock Pledge Agreement by Michael Dale Dickerson in favor of Community West Bank, dated 31 May 2006.

    c. Defendant CWB is ordered to remove and resend (sic) any and all collateral agreements and mortgages on Plaintiff's homestead and enjoins them, their agents, servants, employees, successors, and assigns, and all others in concert and privities with them, from any future attempt to seek or place demands in Plaintiff.

    d. Defendant CWB is ordered to remove and resend (sic) any and all claims for assignment of life insurance proceeds on Plaintiff's life and enjoins them, and all others in concert and privities with them, from any future attempt to seek or place demands on Plaintiff.

The Court notes that Plaintiff Dickerson seeks entry of an injunction pursuant to 28 U.S.C. Sec. 1651. However, the All Writs Act is not an independent grant of jurisdiction to the Court; the Court may employ its remedies in aid of its equity power only when there is another independent source of jurisdiction.

Case No. 8:09-CV-963-T-17TBM

b. Declaratory Judgment - 28 U.S.C. Secs. 2201, 2202

Plaintiff Dickerson seeks entry of a declaratory judgment pursuant to 28 U.S.C. Secs. 2201, and 2202. Declaratory judgment is a procedural mechanism available to determine the respective rights of the parties when an actual case or controversy exists, even though that controversy has not matured into a court case. When the basis of jurisdiction is diversity, the Federal Declaratory Judgment statute controls whether an actual controversy exists, and whether the Court may grant declaratory relief in any given case; state law applies to the substantive issues. When the basis of jurisdiction is federal question jurisdiction, the Court must determine whether the cause of action anticipated by the declaratory judgment plaintiff arises under federal law. See Stuart Weitzman LLC v. Microcomputer Resources, Inc., 542 F.3d 859 (11th Cir. 2008). In this case, Court must determine whether Plaintiff Dickerson has alleged facts in a well-pleaded complaint which demonstrate that Defendant Community West Bank could file a coercive action arising under federal law.

In Count I, Plaintiff Dickerson requests a declaratory judgment holding that:

> a. Plaintiff can reasonably expect a Small Business Administration Preferred Lender to act in accordance with 15 U.S.C. Sec. 636(a), implemented by 13 CFR 120 et seq. and SBA policy directives and when CWB did not, it lost any right to enforce Guarantor obligations assigned to Michael D. Dickerson in relation to SBA 7(a) Loan PLP 200-862-6000, also known as Community West Bank Loan: 450749.

Case No. 8:09-CV-963-T-17TBM

  b. CWB's failure to prudently allow Plaintiff to protect his pledged collateral investment, after making written request, constitutes a disregard for protecting SBA's and Plaintiff's, as Guarantor, interest and the subsequent loss of $37,000.00 in value is cause to find Lender Liability and void their secured interest. Therefore, Plaintiff's pledged collateral stock account agreement is declared non enforceable and void, because of Defendant's failure to comply with 13 CFR Sec. 120.140.

  c. Defendant CWB's failure to properly protect and dispose of Partsmax of Tampa Bay, Inc.'s collateral, placed in their control by the U.S. Bankruptcy Court Trustee, in contravention of UCC guidelines and then creating a conflict of interest by selling collateral to Defendant Roman violating 15 U.S.C. Sec. 636(a) is cause to credit Plaintiff the full value of the collateral sold in the amount of $288,745.00

  d. Defendant CWB's only recourse for financial relief in this matter is to pursue the return of the original loan proceeds paid to Partsmax, Inc.

(Dkt. 1, pp. 19-20). These allegations establish that Plaintiff Dickerson is seeking to prevent coercive causes of action for breach of the guaranty agreement, breach of the agreement to pledge collateral stock, and any other recourse Defendant Community West Bank may have as to Plaintiff Dickerson pursuant to Community West Bank Loan 450749. These coercive causes of action involve only state law breach of contract claims. Plaintiff did not attach the subject agreements to the Complaint, and the Court has not examined the provisions of the subject agreements. Because the coercive causes of action include only state law claims, Plaintiff's claims for declaratory judgment do

7

Case No. 8:09-CV-963-T-17TBM

not establish an independent source of federal jurisdiction.

c. Claims for Compensatory and Punitive Damages

Plaintiff Dickerson alleges conduct by Defendant Community West Bank for which Plaintiff Dickerson seeks to pursue a claim for "lender liability" against Defendant Community West Bank (Dkt. 1, Pars. 12-54). Plaintiff Dickerson seeks the award of compensatory damages and punitive damages against Defendant Community West Bank. (Dkt. 1, p. 21). Plaintiff alleges that Plaintiff was required to rely on "seller internally generated financial statements accepted by Defendant Community West Bank without condition, explanation, or collaboration." This reliance is the source of Plaintiff's claim for punitive damages for breach of fiduciary duty.

The Court notes that Plaintiff Dickerson seeks the award of compensatory damages against Defendant Community West Bank for failure to diligently protect the value of pledged collateral stock ($37,000), and for failure to properly protect and dispose of collateral ($288,745). Plaintiff Dickerson seeks the award of punitive damages against Defendant Community West Bank for Defendant's conduct in failing professionally to handle Defendant's fiduciary responsibilities to Plaintiff as Guarantor ($111,000). The Court must determine whether Plaintiff Dickerson has alleged a federal cause of action, or a state law cause of action which embodies a substantial federal question.

1. 15 U.S.C. Sec. 636(a)

Plaintiff Dickerson alleges that the conduct of Defendant

8

Case No. 8:09-CV-963-T-17TBM

Community West Bank is in violation of 15 U.S.C. Sec. 636(a), and various federal regulations. However, there is no private right of action under 15 U.S.C. Sec. 636(a). See <u>Tectonics, Inc. of Florida v. Castle Construction Company, Inc.</u>, 753 F. 2d 957, 960 (11th Cir. 1985).

2. 18 U.S.C. Sec. 1001

Plaintiff Dickerson alleges that Defendant's employee or agent forged Plaintiff's signature to the titles of five vehicles bought as part of the asset purchase agreement, in violation of 18 U.S. C. Sec. 1001. (Dkt. 1, Par. 34).

18 U.S.C. Sec. 1001 is a criminal statute which does not expressly create a private right of action upon which Plaintiff may sue Defendant. <u>Abou-Hassein v. Robert Gates, et al.</u>, 657 F.Supp.2d 77, 81 (D.D.C 2009).

3. Federal Regulations and SBA Standard Operating Procedures

To determine whether Plaintiff Dickerson has alleged a substantial federal question in a cause of action under state law, the Court considers whether vindication of the state law right necessarily turns on some construction of federal law.

In this case, Plaintiff Dickerson is proceeding against Defendant Community West Bank for conduct which Plaintiff alleges is a breach of the fiduciary duty owed to Plaintiff Dickerson, as follows:

> 1. ...Plaintiff had faith, trust and confidence in the bank which guided Plaintiff in the preparation of documents supporting Partsmax of Tampa Bay, Inc.'s SBA 7(a) loan application; 2) Plaintiff was put in a position of inequality, dependence, weakness or lack of knowledge as to how they valued the business being purchased; 3) the bank exercised dominion, control, or influence over Plaintiff's affairs by demanding that Plaintiff collateralize the loan with a pledge of home equity and a last minute demand for pledge of stock account....

Plaintiff relies on the following federal regulations:

| | |
|---|---|
| 13 CFR Sec. 120.101 | Credit not available elsewhere. |
| 13 CFR Sec. 120.140 | What ethical requirements apply to participants? |
| 13 CFR Sec. 120.150 | What are SBA's lending criteria? |
| 13 CFR Sec. 120.180 | Lender and CDC compliance with Loan Program Requirements. |
| 13 CFR Sec. 120.181 | Status of Lenders and CDCs. |
| 13 CFR Sec. 120.197 | Notifying SBA's Office of Inspector General of suspected fraud. |
| 13 CFR Sec. 120.524 | When is SBA released from liability on its guarantee on loans? |

Case No. 8:09-CV-963-T-17TBM

| | |
|---|---|
| 13 CFR Sec. 120.530 | Deferment of payment |
| 13 CFR Sec. 120.531 | Extension of maturity |
| 13 CFR Sec. 120.532 | What is a loan Moratorium? |
| 13 CFR Sec. 120.545 | What are SBA's policies concerning liquidation of collateral and the sale of business Loans and physical disaster assistance loans, physical disaster business loans and economic injury loans? |

Plaintiff Dickerson further alleges that Defendant Community West Bank did not comply with SBA Policy Notice 5000-677, SBA Policy Notice 5000-693, SOP 51 00(10), SOP 50 51 2B(8), SOP 50-10(4)(E)(3), and SOP 50-10(4)(E)(8).

At the outset, the Court notes the provisions of 13 CFR Sec. 101.106:

> **§ 101.106 Does Federal law apply to SBA programs and activities?**

1.   (a) SBA makes loans and provides other services that are authorized and executed under Federal programs to achieve national purposes.

   (b) The following are construed and enforced in accordance with Federal law--

   (1) Instruments evidencing loans;

   (2) Security interests in real or personal property payable to or held by SBA or the Administrator such as promissory notes, bonds, guarantee agreements, mortgages, and deeds of trust;

> (3) Other evidences of debt or security;
>
> (4) Contracts or agreements to which SBA is a party, unless expressly provided otherwise.
>
> (c) To the extent feasible, SBA uses local or state procedures, especially for recordation and notification purposes, in implementing and facilitating SBA's loan programs. This use of local or state procedures is not a waiver by SBA of any Federal immunity from any local or state control, penalty, tax, or liability.
>
> (d) No person, corporation, or organization that applies for and receives any benefit or assistance from SBA, or that offers any assurance or security upon which SBA relies for the granting of such benefit or assistance, is entitled to claim or assert any local or state law to defeat the obligation incurred in obtaining or assuring such Federal benefit or assistance.

> 13 C.F.R. § 101.106

Plaintiff Dickerson is not suing a government agency. Plaintiff Dickerson has filed suit against Defendant Community West Bank based on Defendant's alleged failure to comply with the terms of Defendant's agreements with the Small Business Administration, which incorporate the above regulations, policies and procedures of the SBA.

Where litigation is purely between private parties, and does not touch the rights and duties of the United States, federal law does not govern. Boyle v. United Technologies, 487 U.S. 500 (1988). "Displacement [of state law] will occur only where...a 'significant conflict' exists between an identifiable 'federal policy or interest and the [operation] of state law'...or the application of state law would 'frustrate specific objectives' of federal legislation. Id., 487 U.S. at 507. (citations omitted).

12

Case No. 8:09-CV-937-T-17TGW

There is no interest in federal uniformity for its own sake." <u>AmeriFirst Bank v. Bomar</u>, 757 F.Supp. 1365 (S.D. Fla. 1991) While the violation of federal regulations may be evidence of the breach of fiduciary duty under substantive principles of state law, the breach of fiduciary duty claim remains a state law claim. Plaintiff Dickerson has not identified, and the Court does not know of, a conflict between federal interests and the application of state law sufficient to justify a federal common law cause of action.

Under Florida law, in general, the relationship between a bank and its borrower is that of debtor and creditor. Under some factual scenarios, Florida law will find the presence of a fiduciary relationship, for example, where the bank knows or has reason to know of the customer's trust and confidence under circumstances exceeding an ordinary commercial transaction. <u>See Capital Bank v. MVB, Inc. et al</u>., 644 So.2d 515 (Fla. 3rd DCA 1994).

The Complaint in its present form does not comply with the Federal Rules of Civil Procedure in that the Complaint does not clearly identify the theory or theories that Plaintiff Dickerson intends to pursue. In addition to the claim for breach of fiduciary duty, Plaintiff has cited provisions of the UCC, which Florida has adopted, i.e. Ch. 679, <u>Fla</u>. <u>Stat</u>, Plaintiff has also included allegations which may support a claim for breach of contract, negligence or fraud. Whatever theory Plaintiff intended to pursue in the Complaint, citation to federal regulations does not transform a state law claim into one arising under federal law when the standard applied to the conduct complained of is established under state law, not federal law.

13

Case No. 8:09-CV-937-T-17TGW

While Defendant Community West Bank could plead reliance of various federal regulations in response to the claims Plaintiff asserts, the anticipation of a federal defense does not establish federal question jurisdiction.

After consideration, the Court concludes that Plaintiff's Complaint does not involve a substantial federal question.

3. Standing

Standing is part of Article III's case or controversy requirement. To establish standing, a plaintiff must have suffered an injury in fact--an invasion of a legally protected interest which is: a) concrete and particularized; and b) actual and imminent, not conjectural or hypothetical. A plaintiff must also establish that there is a causal connection between the injury and the conduct complained of-the injury has to be fairly....traceable to the challenged action of the defendant. In addition, it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). "Because injunctions regulate future conduct, a party has standing to seek an injunctive relief only if the party alleges...a real and immediate, as opposed to a merely conjectural or hypothetical- threat of future injury." Wooden v. Bd. of Regents of Univ. System of Georgia, 247 F.3d 1262, 1284 (11th Cir. 2001).

When the lack of standing is raised in a motion to dismiss, the issue is properly resolved with reference to the allegations of the Complaint. Church v. City of Huntsville, 30 F.3d 1332,

14

Case No. 8:09-CV-937-T-17TGW

1336 (11th Cir. 1994).

Plaintiff Dickerson's claims against Defendant Community West Bank include requests for relief based on the Guarantor Agreement and Stock Pledge Agreement, for Defendant's alleged failure to protect the value of the pledged stock, as well as the request to remove all collateral agreements and mortgages on Plaintiff's homestead, and the request to remove any claim to life insurance proceeds.

Plaintiff Dickerson's Complaint further includes a claim for alleged improper disposition of other collateral. After consideration, the Court finds that Plaintiff Dickerson cannot recover for legal injuries suffered by the corporation, Partsmax of Tampa Bay, Inc. The corporation owned the collateral which was transferred to Defendant's control by U.S. Bankruptcy Trustee Lauren Green. Plaintiff Dickerson lacks standing to pursue the claim for damages of $288,745 against Defendant Community West Bank for alleged failure to properly protect and dispose of the collateral.

After consideration, the Court **grants** Defendant's Motion to Dismiss for lack of subject matter jurisdiction. Because the Court lacks subject matter jurisdiction over this case, the Court **denies** all other pending motions as moot.

B. Motion to Dismiss for Failure State a Claim

Because the Court grants Defendant's Motion to Dismiss for lack of subject matter jurisdiction, the Court **denies** the Motion to Dismiss for Failure to State a Claim as moot.

15

Case No. 8:09-CV-937-T-17TGW

C. Claim Against Defendant Roman

In the Complaint, Plaintiff Dickerson asserts a state law claim for fraudulent misrepresentation against Defendant Roman. The Court declines to exercise jurisdiction over the state law claim. Accordingly, it is

**ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 8) is **granted**; the Motion to Dismiss for Failure to State a Claim is **denied** as moot. The Court **denies** all other pending motions as moot (Dkts. 30, 31, 33, 36, 37, 39, 41). The Court **declines** to exercise jurisdiction over the claim against Defendant Roman. The Clerk of Court shall close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 2nd day of March, 2010.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record